

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00062-CV

In the Interest of **L.L.M.** and S.M.M., Children

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-PA-00439
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:　Karen Angelini, Justice

Sitting:　　　Karen Angelini, Justice
　　　　　　　Marialyn Barnard, Justice
　　　　　　　Rebeca C. Martinez, Justice

Delivered and Filed:　September 4, 2013

AFFIRMED

This is an appeal from an order terminating parental rights in a suit filed by the Texas

Department of Family and Protective Services. We affirm.

### DISCUSSION

The appellant in this case is J.M., the mother of the children the subject of this suit. The

case was tried before an associate judge. On December 21, 2012, the associate judge signed an

order terminating appellant's parental rights to the children.[1] The children's grandmother, who had

---

[1] The December 21, 2012 order consists of one page. The body of the order merely states:

> After hearing, the following orders are issued based on the findings and recommendations of the associate judge. All parties have been notified of the contents of this ruling and right of appeal pursuant to chapter 54, Texas Government Code.

> TOM:
> 　Termination rendered on day of trial on parents on record. (12-14-12)

intervened in the termination suit, appealed the associate judge's order to the district court, seeking a de novo hearing before a district judge. *See* TEX. FAM. CODE ANN. § 201.015 (West Supp. 2012). On March 21, 2013, the children's grandmother dropped her request for a de novo hearing, and a district court judge signed an order modifying and affirming the associate judge's December 21, 2012 order. On April 22, 2013, a district court judge signed another order terminating appellant's parental rights to the children the subject of this suit.[2] However, the April 22, 2013 termination order was initially omitted from the appellate record.

Appellant perfected an appeal in this court. Appellant's brief was filed on March 11, 2013, before the April 22, 2013 termination order was signed. In her brief, appellant contended the December 21, 2012 order was a final, appealable order, but it was erroneous because it failed to designate the ground or grounds upon which her parental rights were terminated. Appellant asked this court to abate this appeal and remand the case to the trial court for these findings. On May 20, 2013, the State filed its brief in this appeal. The State did not mention that the December 21, 2012 termination order had been replaced by the April 22, 2013 termination order.

On June 27, 2013, we issued an order abating this appeal and remanding this case to the trial court for supplemental findings stating the specific ground or grounds for termination under section 161.001(1) of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 161.001(1) (West 2008 & Supp. 2012) (specifying possible grounds for termination of the parent-child relationship); TEX. R. CIV. P. 306 (stating that in a suit for termination of the parent-child relationship the judgment

---

Find following orders in best interest of children regarding Intervenors[.]

Order: Intervenors take nothing[.]
All relief requested by Intervenors [d]enied.

Order of Court res judicata to apply.

[2]The April 22, 2013 order is a detailed termination order, consisting of nine pages.

must state the specific grounds for termination). In response to this order, Dinah Gaines, the staff attorney for the Bexar County Civil District Courts, notified the clerk of this court that a termination order had been signed by a district court judge on April 22, 2013, replacing the December 21, 2012 order. A supplemental clerk's record containing the April 22, 2013 termination order was subsequently filed in this appeal. On July 8, 2013, we issued an order advising the parties of the April 22, 2013 termination order and giving them an opportunity to file supplemental briefs. No supplemental briefs were filed.

The April 22, 2013 termination order was signed while the trial court retained plenary power over its judgment. The arguments presented in appellant's brief relate only to the December 21, 2012 termination order, which was replaced by the April 22, 2013 termination order. In fact, the only complaint presented in appellant's brief is that the December 21, 2012 order failed to state the specific grounds for termination. However, the April 22, 2013 termination order plainly and in detail states the specific grounds for termination, correcting the only complaint presented by appellant.

## CONCLUSION

We affirm the order terminating appellant's parental rights.

Karen Angelini, Justice